IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:19-CR-135-FL-1
No. 5:21-CV-69-FL

| | | |
|---|---|---|
| JOHN ELWOOD TYRONE MARTIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DE 53), respondent's motion to dismiss (DE 57), and respondent's motion to reinstate judgment of conviction (DE 83). Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge Robert B. Jones, Jr., entered a memorandum and recommendation ("M&R") (DE 96), wherein it is recommended that 1) the § 2255 motion be allowed on the claim that counsel failed to file a notice of appeal as directed and denied without prejudice as to all remaining claims, 2) the motion to dismiss be denied, 3) the motion to reinstate judgment be allowed, 4) the court vacate the prior judgment and enter an amended judgment from which petitioner may file a notice of appeal, and 5) the court appoint counsel to assist petitioner with his direct appeal. Petitioner objected to M&R, and the issue raised are ripe for ruling. For the following reasons, the court adopts the M&R.

## BACKGROUND

Petitioner pleaded guilty on May 3, 2019, with a written plea agreement, to a criminal information charging conspiracy to distribute and possess with the intent to distribute 1 kilogram

or more of heroin, in violation of 21 U.S.C. § 846. At sentencing, on January 22, 2020, the court determined that defendant had a total offense level 36 and a criminal history category II, yielding an advisory guideline range of 210 to 262 months imprisonment. The court imposed a sentence of 198 months imprisonment, based upon a downward variance. Petitioner did not appeal.

Petitioner filed the instant motion to vacate on February 8, 2021, asserting a claim for ineffective assistance of counsel on the following grounds:

> 1. Although the amount of heroin reflected in law enforcement documents was less than one kilogram, [counsel] advised me to plead guilty to conspiracy to distribute and possess with intent to distribute one kilogram or more. He advised me not to contest this issue and that my sentence would be no more than 70 to 87 months. Had I been properly informed of my actual sentencing exposure, I would not have taken the plea.
>
> 2. [Counsel] advised me to enter a cooperation agreement although I had informed him that I did not wish to cooperate. This set me up to fail.
>
> 3. In October 2019, I was taken into custody for allegedly violating my bond by discussing a drug deal over the phone. In fact, the phone conversation was with my cousin Tommy Bennett and we were not discussing a drug deal - we were discussing the possibility of setting up a reverse sting to help work out my cooperation agreement. [Counsel] did not inform me of why my bond was being revoked. He also advised me not to contest the revocation in order to "save face." He told me it would not harm my sentence. Had I been properly informed, I would have insisted on challenging the allegations against me and calling Mr. Bennett and others as witnesses.
>
> 4. I was not informed until just before my sentencing that the sentence would be enhanced due to the same allegations that led to my bond being revoked. I never had the chance to contest these allegations. Again, had [counsel] properly and timely informed me of the sentencing enhancement, I would have insisted on contesting the allegations on which it was based, and I would have insisted that Mr. Bennett and others be called as witnesses.
>
> 5. After judgment was entered, I requested that [counsel] file a notice of appeal but he did not do so.
>
> 6. Overall, [counsel] failed to properly investigate the facts of my case, failed to obtain evidence and interview witnesses, failed to make necessary motions both prior to and after the plea, failed to oppose the revocation of my bond, omitted relevant facts and evidence from his sentencing submission, failed to sufficiently emphasize my rehabilitation including the fact that I had pursued education and

2

was about to start a responsible job at the time my bond was revoked, and in general, was unprepared and lacked grounding in the relevant facts and law.

(Mot. (DE 53) at 4-5). The government then filed the instant motion to dismiss all claims for failure to state a claim, and petitioner responded in opposition, relying upon email correspondence with an attorney.

The court referred the motions to magistrate judge, who set the matter for evidentiary hearing September 28, 2021, then continued on defendant's motions to December 1, 2021, and January 6, 2022. Upon filing of the government's instant motion to reinstate petitioner's judgment of conviction, the magistrate judge set hearing on that motion the same date. At hearing held January 6, 2022, the magistrate judge allowed counsel for petitioner to withdraw on defendant's motion, appointed new counsel for petitioner, and ordered further briefing on the government's motion to reinstate. The M&R and defendant's objection followed.

## DISCUSSION

A.  Standard of Review

The district court reviews de novo those portions of the M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

B.  Analysis

Petitioner objects to the recommendation in the M&R that claims in his motion to vacate, on grounds other than failure to file a notice of appeal, be denied without prejudice. Petitioner urges the court to allow discovery on those claims and to decide them on their merits. Upon de novo review of the record, the court finds that the magistrate judge correctly recommends denial of such claims without prejudice. The court agrees with the findings and analysis set forth in the M&R, and, therefore, adopts the M&R in full. See 28 U.S.C. § 636(b)(1). The court writes separately to augment the analysis in the M&R and to address issues raised by petitioner's objections.

In United States v. Peak, 992 F.2d 39 (4th Cir. 1993), where a petitioner raised multiple claims in support of a § 2255 motion, and where the government conceded relief was warranted on a claim for ineffective assistance of counsel for failure to file a notice of appeal, the United States Court of Appeals for the Fourth Circuit reversed the district's denial of the claims on the

4

merits and remanded "with instructions to vacate [the petitioner's] judgment of conviction and enter a new judgment from which an appeal can be taken." Id. at 42. The Fourth Circuit reiterated this approach in In re Goddard, 170 F.3d 435 (4th Cir. 1999), where it stated "[t]he only effective remedy for a prisoner deprived of the right to direct appeal is twofold: allow him to use a § 2255 motion to reinstate the appeal process through reentry of judgment and allow him to raise collateral claims in a subsequent § 2255 motion filed after the direct appeal is concluded." Id. at 438 (emphasis added).

The Fourth Circuit subsequently has directed district courts to follow that approach in similar circumstances involving the government's consent to relief based upon a claim for denial of the right to file a direct appeal. In United States v. Killian, 22 F. App'x 300 (4th Cir. 2001) the court emphasized that "taking further action on [the petitioner's] motion beyond granting his Peak claim was inappropriate," referencing the petitioner's claim for ineffective assistance of counsel for failure to file a direct appeal. It reasoned, "[t]he district court should have dismissed the remaining claims without prejudice to [the petitioner's] right to file another habeas motion, if necessary, after a direct appeal." Id. at 301. Similarly, in United States v. Mongold, 259 F. App'x 539, 541 (4th Cir. 2007), the court found "the district court did not abuse its discretion by re-entering the judgment with the purpose of allowing [the petitioner] to file a timely notice of appeal without considering [the petitioner's] other attacks on his sentence." Id. at 541 (emphasis added).

Likewise, in United States v. Glover, 363 F. App'x 989 (4th Cir. 2010), the court observed that "[w]hen a prisoner . . . has wrongly been denied the right to a direct appeal as the result of counsel's ineffective assistance, he should not be forced to raise all possible claims against his judgment of conviction in his first § 2255 motion." Id. at 991. The court thus "modif[ied] the

5

district court's denial of relief on [the petitioner's] remaining § 2255 claims to be without prejudice and affirm the denial of relief as modified." Id.

Accordingly, under the circumstances of this case, the correct approach upon the government's motion consenting to relief in the form of a reinstated judgment, is to allow petitioner the opportunity to file a direct appeal without considering the remaining § 2255 claims.

Petitioner argues, nonetheless, that the court should consider affidavits filed, pro se, by petitioner providing statements of co-conspirator Anthony Johnson ("Johnson"),[1] wherein Johnson "recanted his statements to law enforcement that he 'purchased 200g of heroin from Petitioner 5-7 times." (Obj. (DE 100) at 2). According to petitioner, "[u]pon information and belief, Johnson's statements provided the factual basis for Petitioner to be charged with conspiracy to distribute and possess with the intent to distribute one (1) kilogram or more of heroin." Id. Petitioner also contends, "[u]pon information and belief, CW2 has also recanted his purported statements" related to petitioner's lack of acceptance of responsibility, and that additional pro se documents "reflect inaccuracies or anomalies in the investigation that should have been identified and addressed by his prior counsel." (Id.). Petitioner suggests the court should proceed to the merits of his claims because petitioner's "discovery requests are time-sensitive, as the witnesses or the law enforcement agents who purportedly interviewed them could become unavailable if discovery is postponed until after his appeal has been decided." (Id. at 3).

This argument is problematic on multiple levels. As an initial matter, petitioner does not address the need to proceed first with a direct appeal, then to raise claims upon collateral review after conclusion of that direct appeal, in accordance with the case law cited herein. Proceeding to the merits and discovery at this juncture runs counter to the Fourth Circuit's admonition that "[t]he

---

[1] See United States v. Anthony Gabriel Johnson, No. 5:18-CR-267-FL.

<u>only</u> effective remedy for a prisoner deprived of the right to direct appeal is . . . to raise collateral claims in a subsequent § 2255 motion filed <u>after</u> the direct appeal is concluded." <u>In re Goddard</u>, 170 F.3d at 438 (emphasis added).

Furthermore, petitioner raises new collateral claims beyond the ineffective assistance of counsel claim asserted in the instant § 2255 motion, where he now suggests there is no factual basis for the conviction. Given petitioner's guilty plea, claims of this nature contradict defendant's sworn statements at arraignment, and would therefore be "palpably incredible." <u>United States v. Lemaster</u>, 403 F.3d 216, 221 (4th Cir. 2005). In this context, petitioner's concerns about unavailability of witnesses weigh equally against consideration of petitioner's suggested claims in the first place, in light of petitioner's valid and knowing guilty plea. <u>See, e.g., Brecht v. Abrahamson</u>, 507 U.S. 619, 637 (1993) ("Retrying defendants . . . imposes significant social costs, including . . . the erosion of memory and dispersion of witnesses that accompany the passage of time and make obtaining convictions on retrial more difficult, and the frustration of society's interest in the prompt administration of justice."). In any event, upon reinstatement of judgment, petitioner is not obligated to proceed with a direct appeal.

In sum, the court overrules petitioner's objection, adopts the M&R, and allows petitioner the opportunity to file a direct appeal, without considering petitioner's remaining § 2255 claims.

C.    Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. <u>Miller-El v. Cockrell</u>, 537 U.S. 322,

336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). After reviewing petitioner's claim in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, the court ADOPTS the M&R. Petitioner's motion (DE 53) is GRANTED IN PART on the claim that counsel failed to file a notice of appeal as directed and DENIED IN REMAINING PART without prejudice. Respondent's motion to dismiss (DE 57) is DENIED. Respondent's motion to reinstate judgment of conviction (DE 83) is GRANTED. The court VACATES the prior judgment (DE 46) and DIRECTS the clerk to enter an amended judgment of conviction from which petitioner may file a notice of appeal. The court DIRECTS the Federal Public Defender to oversee appointment counsel to assist petitioner with his direct appeal. A certificate of appealability is DENIED. The clerk is DIRECTED is close this §2255 action.

SO ORDERED, this the 24th day of October, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge